UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| MARIA J. ROJAS | ) | Case No. 14-11614 MER |
| | ) | |
| | ) | |
| | ) | Chapter 13 |
| Debtor. | ) | |
| | ) | |
| | ) | |
| DOUGLAS B. KIEL | ) | Adversary Proceeding No. |
| Chapter 13 Trustee, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| LENDING CLUB CORP. | ) | |
| | ) | |
| Defendant. | ) | |

**COMPLAINT TO AVOID AND RECOVER PREFERENTIAL TRANSFERS**

DOUGLAS B. KIEL, standing chapter 13 trustee, for his Complaint to Avoid and Recover Preferential Transfer, states and alleges as follows:

**JURISDICTION AND VENUE**

1. The Court has subject matter jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334(b) and (e).

2. This proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(F).

3. Venue in this district is proper under 28 U.S.C. § 1409(a).

4. This adversary proceeding is commenced pursuant to Rule 7001(1) of the Federal Rules of Bankruptcy Procedure.

## PARTIES AND STANDING

5. Plaintiff DOUGLAS B. KIEL (the "Trustee") is the duly appointed standing Chapter 13 trustee of the bankruptcy estate of MARIA J. ROJAS, Case No. 14-11614 MER.

6. Defendant LendingClub Corp. (Defendant) is a Delaware corporation with its headquarters located at 71 Stevenson, Suite 300, San Francisco, California 94105.

7. MARIA J. ROJAS (the "Debtor") filed for relief under Chapter 13 of the Bankruptcy Code on or about February 19, 2014 (the "Petition Date").

8. On Debtor's statement of financial affairs, in response to question 3(a), Debtor listed payments totaling $1,500 to Defendant from November, 2013, to February, 2014. (the "Transfer")

9. Upon information and belief, the Transfer was made in connection with an unsecured loan from Defendant to Debtor.

## CLAIM FOR RELIEF
### (Preferential Transfer 11 U.S.C. §§ 547(b))

10. The Trustee incorporates by this reference the allegations contained in Paragraphs 1 through 9 above as though more fully set forth in this Claim for Relief.

11. The Transfer was made to or for the benefit of Defendant.

12. At the time of the Transfer, Defendant was a creditor of the Debtor.

13. The Transfer was made for or on account of an antecedent debt owed by the Debtor before such Transfer was made.

14. The Transfer was made while the Debtor was insolvent.

15. The Transfers were made on or within 90 days of the Petition Date.

16. The Transfers enabled Defendant to receive more than Defendant would have received if (a) the Debtor's case were a case under Chapter 7 of the Bankruptcy Code; (b) the Transfer had not been made; and (c) Defendant received payment of the purported debt owed by the Debtor to the extent provided by the provisions of the Bankruptcy Code.

WHEREFORE, the Trustee respectfully requests that the Court enter judgment in his favor and against Defendant (a) avoiding the Transfers pursuant to 11 U.S.C. § 547(b); (b) authorizing, pursuant to 11 U.S.C. § 550(a), the recovery the avoided Transfers or the value

thereof from Defendant; and (c) awarding the Trustee his costs incurred in prosecuting the within proceeding; and (d) granting such other relief as the Court deems appropriate.

Dated: February 18, 2016.

Respectfully submitted,
Douglas B. Kiel, Standing Chapter 13 Trustee

/s/ Ellen R. Welner

Ellen R. Welner  #9239
Attorney for Douglas B. Kiel
4725 S. Monaco St., #120
Denver, Colorado 80237
720-398-4422
ewelner@denver13.com